UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS A. COUCH,
    Petitioner,

Case No. 1:10-cv-22

vs

Bertelsman, J.
Bowman, M.J.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
    Respondent.

**REPORT AND
RECOMMENDATION**

Petitioner, a prisoner in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. This matter is now before the Court on the petition and respondent's return of writ with exhibits. (Docs. 1, 5).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On April 13, 2006, petitioner was indicted by the Hamilton County, Ohio, grand jury on one count of kidnapping as defined in Ohio Rev. Code § 2905.01(A)(4) and four counts of rape as defined in Ohio Rev. Code § 2907.02(A)(2); a firearm specification was attached to each count. (Doc. 5, Ex. 1). The charges stemmed from an incident that occurred on or about July 19-20, 1992. (Doc. 5, Ex. 1).

Prior to trial, petitioner's counsel filed a motion to dismiss the indictment on the ground that prosecution was "barred by the six-year statute of limitations that was in effect at the time the offenses were committed." (Doc. 5, Ex. 3). After holding an evidentiary hearing on August 28, 2006, the trial court denied the motion in an Entry filed on October 3, 2006. (*See* Doc. 5, Ex. 5).

Specifically, the court ruled that "[b]ecause the State met its prima facie burden and presented affirmative evidence of a viable theory of purposeful concealment to avoid prosecution, the six-year limitation period was tolled." (Doc. 5, Ex. 5, p. 11).

On November 28, 2006, petitioner entered a plea of no contest to all counts, which was accepted by the trial court. (Doc. 5, Exs. 6-7). On January 2, 2007, petitioner was sentenced to terms of imprisonment totaling fifty-three (53) years to one hundred twenty-eight (128) years. (Doc. 5, Ex. 8).[1]

## State Direct Review Proceedings

With the assistance of new counsel for appeal purposes, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 5, Ex. 9). Petitioner presented six assignments of error on appeal, including the following claims:

> 1. The trial court erred to the prejudice of Appellant's Fourteenth Amendment right to due process of law, by overruling his motion to dismiss the indictment because the prosecution was barred by the statute of limitations.
>
> ****
>
> 5. Appellant was denied the right to due process of law under the Fourteenth Amendment to the U.S. Constitution, by the delay of fifteen months after law enforcement learned his identity and the return of the indictment.
>
> 6. Alternatively, Appellant was denied his Sixth Amendment right to the effective assistance of counsel by the failure of trial counsel to raise this specific error in the trial court.

(Doc. 5, Ex. 10).

On June 25, 2008, the Ohio Court of Appeals issued a Judgment Entry overruling petitioner's

---

[1] Specifically, petitioner was sentenced to consecutive ten (10) to twenty-five (25) year prison terms for each charged offense, as well as a three (3) year prison term for the merged firearm specifications to be served consecutively and prior to the sentence imposed for the underlying offenses. (Doc. 5, Ex. 8).

assignments of error and affirming the trial court's judgment. (Doc. 5, Ex. 12). In its decision, the state appellate court provided the following summary of the facts leading to petitioner's indictment and prosecution in 2006 for offenses committed in July 1992:[2]

> Defendant-appellant ... appeals from the convictions and the sentences imposed by the trial court after it accepted his pleas of no contest to a five-count indictment, alleging that, in July 1992, Couch had kidnapped a 17-year-old girl at gunpoint and then brutally raped her. The victim was unable to identify Couch, and he avoided prosecution until 2006. In late 2005, DNA from the semen deposited on the victim's clothing was matched to a DNA sample collected from Couch by the commonwealth of Kentucky when Couch had violated his probation for a sexual-assault offense.
>
> At a hearing on Couch's motion to dismiss, the victim, then 32 years old and married, recounted that, near midnight on July 19, 1992, she was returning from a local church festival and had stopped her car at an intersection of Anderson Township. Couch, brandishing a handgun and wearing a mask, forced his way into her vehicle. Blindfolding the victim, Couch drove her to several secluded locations. Over the next hour, he violently and repeatedly raped her. Before abandoning his now bleeding victim, Couch warned her that if she looked at him he would kill her. The victim reported the crimes immediately but was not able to describe her attacker except to note that he was a white male.
>
> Despite a thorough investigation, sheriff's deputies were unable to develop any suspects. But medical investigators were able to recover samples of Couch's semen from the victim's clothing. A coroner's office serologist testified that in 1992, without a national database of DNA samples, to identify or exclude a perpetrator based on DNA testing required a sample from an alleged perpetrator for comparison with DNA evidence collected at a crime scene. With no leads to identify Couch, the DNA evidence was then of limited value.
>
> But law enforcement personnel continued diligently to attempt to match the DNA collected from the victim's clothing to known samples. In 2000, the coroner's office began to employ the Federal Bureau of Investigation's newly created Combined DNA Index System ("CODIS") to match DNA obtained from crime scenes to known DNA profiles of offenders stored on local or national DNA databases. In 2005, CODIS reported a match between the DNA recovered from the victim's clothing and

---

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir.), *cert. denied,* 543 U.S. 892 (2004).

3

>the sample recently taken from Couch. After Couch was returned to Hamilton County, a second DNA sample confirmed Couch as the perpetrator of the 1992 rapes.
>
>Testimony at the hearing from Couch's mother, sister, and wife revealed that while Couch was a lifelong resident of Kentucky, from 1987 until 1993 he had made brief trips to Ohio to visit his sister. His sister lived in Mt. Washington, a neighborhood of Cincinnati adjacent to Anderson Township.
>
>After the trial court denied his motion to dismiss the indictment, Couch entered a no-contest plea to each charged offense....

(Doc. 5, Ex. 12, pp. 1-2).

Thereafter, petitioner filed a timely appeal to the Ohio Supreme Court with the assistance of his appellate counsel. (Doc. 5, Ex. 13). In his memorandum in support of jurisdiction, petitioner asserted the following propositions of law:

>**Proposition of Law No. 1:** Mere evidence that the accused left Ohio at some time is insufficient to support the tolling of the statute of limitations where the accused establishes that both prior to and since the offenses of which he is accused,
>
>>1. He was and is a lifelong citizen of and has resided in, another state for years before and years after the offense;
>>
>>2. He is and has been employed in the other state;
>>
>>3. He has maintained a home and raised a family in the other state;
>>
>>4. He has filed documents and obtained licenses in his own name in that state;
>>
>>5. He has made no change in his appearance;
>>
>>6. He has used only his own name;
>>
>>7. He has come into Ohio to visit family and friends, and left Ohio again, to return to his home;
>>
>>8. He has never concealed his identity from anyone, law enforcement or otherwise;
>>
>>9. He has not been shown by any evidence to have affirmatively

4

>>concealed identity or whereabouts for any purpose, much less for the purpose of avoiding prosecution.

>The denial to such an accused of the benefit of the Ohio statute of limitations deprives him of his right to due process of law under the Fourteenth Amendment, and to a speedy trial, under the Sixth Amendment, respectively, of the United States Constitution.

>**Proposition of Law No. 2:** Delay of fifteen months between receiving notification of evidence purportedly linking the accused by name with serious felony offenses, and commencement of his prosecution by indictment constitutes an unconstitutional violation of the right of the accused to a speedy trial, under the Sixth Amendment, and an independent violation of his right to due process of law under the Fourteenth Amendment, as well as Art. 1, §§ 10 and 16 of the Ohio Constitution.

(Doc. 5, Ex. 14).

On December 3, 2008, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 5, Ex. 16).

## Federal Habeas Corpus

With the assistance of new counsel, petitioner filed the instant federal habeas corpus petition on January 15, 2010. (Doc. 1). Petitioner presents two grounds for relief:

>**Ground One:** Petitioner's right under the Fourteenth Amendment to the United States Constitution to due process and the equal protection of the law is violated where the state courts arbitrarily and irrationally refuse to extend the protection afforded by the state statute of limitations to him when it is clearly and unequivocally applicable to him, and where it has been afforded to other similarly situated defendants.

>**Ground Two:** Petitioner's right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the fifteen (15) month delay between the date the State allegedly acquired evidence of his identity and the date of his indictment.

(Doc. 1, pp. 6-9).

## II. OPINION

5

### A.  Petitioner Is Not Entitled To Relief Based On The Claim In Ground One Challenging The State Courts' Refusal To Dismiss The Indictment On The Ground That Petitioner's Prosecution Was Barred By Ohio's Applicable Six-Year Statute Of Limitations

In Ground One of the petition, petitioner claims that his Fourteenth Amendment rights to due process and equal protection were violated when the state courts refused to dismiss the indictment returned in 2006, after the state statute of limitations had run with respect to the charged offenses committed in 1992. (Doc. 1, pp. 6-8). In the return of writ filed in response to the petition, respondent argues that petitioner's claim is not cognizable in this proceeding because it raises an issue of state-law only. (Doc. 5, Brief, pp. 7-9). Respondent further contends that, in any event, petitioner procedurally defaulted and has waived any arguable federal constitutional claim. (Doc. 5, Brief, pp. 7-9, 11-16). Respondent's arguments have merit.

As background, in the motion to dismiss filed with the trial court, petitioner argued only that his prosecution in 2006 was barred by the applicable six-year statute of limitations set forth in Ohio Rev. Code § 2901.13, which was in effect when the criminal offenses were committed in 1992. Petitioner relied solely on Ohio case-law as support for his position that the six-year limitations period applied and that he did not fall within any of the statute's exceptions, including the provision contained in § 2901.13(G), which provided that "the period of limitations shall not run during any time when the accused purposely avoids prosecution." (*See* Doc. 5, Ex. 3).

In its ruling denying the motion to dismiss, the trial court agreed that the six-year statute of limitations governed, because the six-year period had expired by the time the statute was amended in March 1999 to extend the limitations period to twenty years for kidnapping and rape offenses. (Doc. 5, Ex. 5, p. 5). However, after discussing Ohio cases and standards governing statute-of-limitations determinations, the court concluded, in "strik[ing] a balance between the need for a time

6

limit and the need to ensure that offenders do not escape criminal responsibility," that the statute was tolled under Ohio Rev. Code § 2901.13(G) because the State had "met its prima facie burden" by presenting "affirmative evidence" demonstrating that petitioner both left Ohio and concealed his identity to avoid prosecution. (*See* Doc. 5, Ex. 5, pp. 6-11).

On direct appeal to the Ohio Court of Appeals, petitioner generally alleged that the trial court's ruling violated his "right to fair proceeding" under the Fourteenth Amendment's Due Process Clause. (Doc. 5, Ex. 10, p. 10). In support of that claim, however, petitioner again relied solely on Ohio case-law and argued only that the trial court had erred in concluding that the State had met its burden of establishing for statutory tolling purposes that petitioner "absented himself from the state, or concealed his identity or whereabouts, with purpose to avoid prosecution." (*See* Doc. 5, Ex. 10, pp. 5-10).

The Ohio Court of Appeals affirmed the trial court's judgment, although it rejected the trial court's determination that petitioner fell within Ohio Rev. Code § 2901.13(G)'s exception because he concealed his identity while committing the charged offenses. (*See* Doc. 5, Ex. 12, p. 5). The state appellate court instead held that the trial court's "factual findings were sufficient to support the conclusion that Couch had purposely avoided prosecution not by concealing himself but by absenting himself from Ohio after 1993." (Doc. 5, Ex. 12, pp. 5-6). The court relied on a federal case "construing the analogous federal statute tolling the limitations period for 'any person fleeing from justice'" in concluding that tolling of the limitations period was proper because petitioner "used his legitimate residence outside the state to mask his escape from prosecution for heinous crimes committed against an Ohio resident." (Doc. 5, Ex. 12, p. 6).

As respondent has argued in the return of writ, to the extent that petitioner alleges he is

7

entitled to federal habeas corpus relief because the state courts erred under Ohio law in determining that the state statute of limitations was tolled in this case, he raises an issue of state-law only which is not cognizable in this federal habeas proceeding. The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

Petitioner has not cited any Supreme Court decision or, for that matter, any authority, which would provide support for the position that a violation of a state's statute of limitations, in and of itself, constitutes a violation of a criminal defendant's federal constitutional rights. On the contrary, courts faced with the issue-at-hand have uniformly held in accordance with the following district court decision that:

> A state court's failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus.... Petitioner's claim that the applicable state statute of limitations had run when he was charged with ... crimes is therefore non-cognizable in a federal habeas corpus proceeding, because it raises solely an issue of state law.

*See Burns v. Lafler,* 328 F.Supp.2d 711, 719 (E.D. Mich. 2004) (and cases cited therein); *see also Loeblein v. Dormire,* 229 F.3d 724, 726 (8th Cir. 2000), *cert. denied,* 532 U.S. 982 (2001); *Humphrey v. Cain,* 120 F.3d 526, 534 (5th Cir. 1997), *rev'd on rehearing on other grounds,* 138 F.3d 552 (5th Cir.) (en banc), *cert. denied,* 525 U.S. 935, 943 (1998); *Alsabur v. Bobby,* No. 1:05cv1626, 2005 WL 1983367, at *2 (N.D. Ohio Aug. 17, 2005). *Cf. Wilson v. Mitchell,* 250 F.3d 388, 396-97 (6th Cir. 2001) (rejecting the petitioner's claim that he was denied due process when he was prosecuted for felonies barred by Ohio's six-year statute of limitations because "claims that

8

a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus," except in cases where "the magnitude of the legal error and the innocence of the accused [are] manifest") (quoting *Olsen v. McFaul,* 843 F.2d 918, 933 (6th Cir. 1988)).

In any event, as respondent has also argued in the return of writ, to the extent petitioner has alleged an arguable constitutional claim under the Fourteenth Amendment's Due Process and Equal Protection Clauses in Ground One, it appears he has waived any such claim because he failed to "fairly present" the federal issues to the state courts.

A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). It is well-settled that in order to satisfy the "fair presentation" requirement, the habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2)

relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*; *Franklin,* 811 F.2d at 326 (quoting *Daye v. Attorney General of New York,* 696 F.2d 186,193-94 (2nd Cir. 1982) (en banc)).

The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006) (internal citations and quotations omitted), *cert. denied,* 551 U.S. 1103 (2007). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

In this case, petitioner never even mentioned on appeal to the Ohio Court of Appeals and Ohio Supreme Court that his rights under the Fourteenth Amendment's Equal Protection Clause were infringed by the trial court's refusal to dismiss the indictment on statute of limitations grounds. *Cf. Epps v. Ohio Authorities,* No. 1:01cv2163, 2007 WL 141963, at *1, *9 n.3 (N.D. Ohio Jan. 17, 2007) (noting that the claim that the petitioner "was denied equal protection ... when the state prosecuted him [after] the statute of limitations had run for his offenses" was barred from review

because he failed to raise the equal protection issue on appeal to the state courts and instead only argued "his statute of limitations claim as a matter of state law").

In addition, petitioner failed to fairly present to the Ohio appellate courts any federal due process claim stemming from the state-law error alleged in Ground One of the petition. Although petitioner generally stated in his appellate briefs that the "denial ... of the benefit of the Ohio statute of limitations deprive[d] him of his right to due process of law," he relied solely on standards set forth in Ohio Rev. Code § 2901.13, as well as Ohio cases applying those standards, in arguing that the trial court had erred in denying his motion to dismiss the indictment. (*See* Doc. 5, Ex. 10, pp. 5-10; Ex. 14, pp. 6-12). Therefore, the only legal theories presented to and considered by the state courts were predicated entirely on state law.[3]

By thus failing to provide the Ohio courts with an opportunity to correct any error of constitutional dimension which may have arisen from the trial court's ruling on a matter governed by Ohio law, petitioner has waived any arguable due process or equal protection claim unless he demonstrates cause for his defaults and actual prejudice as a result of the alleged errors, or that failure to consider the constitutional claims will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). No

---

[3] A state appellate court deciding whether a trial court abused its discretion or otherwise committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Harsh v. Warden, Chillicothe Corr. Inst.,* 1:08cv433, 2009 WL 3378246, at *1, *7 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.) (citing *Petrucelli v. Coombe,* 735 F.2d 684, 690 (2nd Cir. 1984), and *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied,* 460 U.S. 1053 (1983)). In this case, the Ohio Court of Appeals was the only state appellate court to issue a reasoned decision addressing the claim alleged in Ground One on the merits. Because the court was not made aware of any constitutional concerns, it considered and determined the issues as argued by petitioner, solely in terms of state law – *i.e.*, concluding out of "substantial deference" to the trial court's factual findings supported by "competent, credible evidence," that the trial court did not commit reversible error in it application of Ohio's statute of limitations to the case-at-hand. (*See* Doc. 5, Ex. 12, pp. 3-6).

such showing has been made in this case.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on his claim in Ground One challenging the state courts' refusal to dismiss the indictment because his prosecution was barred by Ohio's six-year statute of limitations applicable to the criminal offenses committed in 1992. First, his claim is not cognizable to the extent he alleges the trial court erred under Ohio law in denying his motion to dismiss the indictment or that a violation of the state statute of limitations, in and of itself, amounted to error of federal constitutional dimension. In any event, petitioner has waived any arguable claim of error under the Constitution's Due Process and Equal Protection Clauses because he failed to fairly present the federal issues to the state courts.[4]

**B. Petitioner Is Not Entitled To Relief On The Claim In Ground Two That His Right To A Speedy Trial Was Violated Due To The Fifteen-Month Delay In The Filing Of Charges After DNA Evidence Was Obtained Linking Him To The Kidnapping And Rape Offenses**

In Ground Two of the petition, petitioner alleges he was denied due process and his Sixth Amendment right to a speedy trial when the State delayed fifteen months in filing criminal charges against him after the DNA evidence linking him to the kidnapping and rape offenses committed in 1992 was obtained. (Doc. 1, pp. 8-9).

As an initial matter, petitioner is unable to prevail on any claim that his Sixth Amendment right to a speedy trial was violated. The Speedy Trial Clause of the Sixth Amendment is not

---

[4]It is further noted that to the extent it may be considered a "debatable issue" whether petitioner fairly presented a due process claim on appeal to the state courts, petitioner is unable to prevail on the merits of any such claim. To establish a due process violation stemming from the 14-year delay in charging him with the kidnapping and rape offenses, petitioner must show both (1) substantial prejudice to his right to a fair trial; and (2) the delay was an intentional device by the government to gain a tactical advantage. *Burns,* 328 F.Supp.2d at 719 (citing *United States v. Brown,* 959 F.2d 63, 66 (6th Cir. 1992)). Here, there is no evidence in the record to suggest that the delay substantially prejudiced petitioner's right to a fair trial. Most importantly, it appears clear from the record that the delay in charging petitioner was not an intentional ploy by the prosecutor to gain a tactical advantage over him. On the contrary, the charges could not be brought earlier because the evidence linking petitioner to the offenses committed in 1992 was not available to law enforcement until 2005, when CODIS reported a match between the DNA recovered from the victim's clothing and a DNA sample that had recently been obtained from petitioner.

triggered until a formal indictment or information is filed or "the actual restraints imposed by arrest and holding to answer a criminal charge" have occurred. *United States v. Lovasco,* 431 U.S. 783, 788-89 (1977) (quoting *United States v. Marion,* 404 U.S. 307, 320 (1971)); *see also Doggett v. United States,* 505 U.S. 647, 655 (1992). In a case such as this, involving a claim of constitutional error stemming from pre-indictment delay, only the Fourteenth Amendment's Due Process Clause may be invoked to provide protection "against oppressive delay." *Lovasco,* 431 U.S. at 789 (citing *Marion,* 404 U.S. at 324).

The Ohio Court of Appeals was the only state court to issue a decision addressing the merits of petitioner's claim that he was denied due process by the fifteen-month pre-indictment delay. In overruling the assignment of error, the court cited the Supreme Court's *Lovasco* decision in a footnote and reasoned that: (1) "[t]he state's delay was justified by the time required to locate the victim and to obtain Couch's presence in Ohio;" and (2) petitioner was not prejudiced by the delay given "the nature of the forensic evidence," which the court earlier observed was "reliable" and "not subject to deterioration or corruption." (Doc. 5, Ex. 12, pp. 4, 8 & n.25).

In this federal habeas case, the applicable standard of review governing the adjudication of the constitutional claim addressed on the merits by the Ohio Court of Appeals is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes,* __ U.S. __, 130 S.Ct. 1171, 1173 (2010). "[A] federal habeas court reviewing the state-court judgment must apply the law that controlled 'at the time his state-court conviction became final.'" *Miller v. Stovall,* 608 F.3d 913, 919 (6th Cir. 2010) (quoting *Williams v. Taylor,* 529 U.S. 362, 390 (2000)), *petition for cert. filed,* 79 U.S.L.W. 3404 (U.S. Dec. 21, 2010) (No. 10-851).

In addition, the "contrary to" and "unreasonable application" clauses set forth in 28 U.S.C. § 2254(d)(1) have independent meanings:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.... The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.... The focus on the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and ... an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted). Under § 2254(d)(1)'s "unreasonable application" clause, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

In the instant case, the Ohio Court of Appeals correctly identified the Supreme Court's *Lovasco* decision as providing the applicable standard of review in addressing petitioner's due process claim. In *Lovasco*, the Supreme Court held that the Due Process Clause plays a limited role in protecting criminal defendants who are actually prejudiced by excessive pre-indictment delay.

14

*Lovasco,* 431 U.S. at 789. Proof of prejudice is "generally a necessary," but is insufficient standing alone to establish a due process violation; the due process inquiry also requires consideration of the reasons for the delay. *Id.* at 790; *see also United States v. Bryant,* 951 F.2d 350 (table), Nos. 90-1831, 90-1836, 1991 WL 256555, at **2 (6th Cir. Dec. 2, 1991).

The Sixth Circuit has consistently interpreted *Lovasco* as holding that a dismissal on due process grounds for pre-indictment delay is warranted only when the defendant shows (1) substantial prejudice to his right to a fair trial; and (2) that the delay was intentionally caused by the government to gain a tactical advantage. *See, e.g., United States v. Schaffer,* 586 F.3d 414, 424 (6th Cir. 2009) (and Sixth Circuit cases cited therein), *cert. denied,* 130 S.Ct. 1921 (2010); *United States v. Wright,* 343 F.3d 849, 859 (6th Cir. 2003), *cert. denied,* 541 U.S. 990 (2004); *Burns,* 328 F.Supp.2d at 719 (citing *United States v. Brown,* 959 F.2d 63, 66 (6th Cir. 1992)). To establish a due process violation, the defendant must show that the delay "caused him *actual* prejudice in presenting his defense." *Schaffer,* 586 F.3d at 425 (quoting *United States v. Gouveia,* 467 U.S. 180, 192 (1984) (emphasis added)). Moreover, delay attributable to the legitimate investigation of a crime does not violate due process even if such delay might have "somewhat prejudiced" the defense. *See Lovasco,* 431 U.S. at 796; *see also Burns*, 328 F.Supp.2d at 719.

Here, it was reasonable for the Ohio Court of Appeals to conclude that the State's fifteen-month delay in filing the indictment did not amount to a due process violation. Although petitioner has been represented by counsel in all proceedings, both before the state courts and in the instant habeas corpus action, he has neither argued nor cited any evidence demonstrating that the delay actually or substantially prejudiced him in presenting a defense. In addition, as the state appellate court pointed out on direct appeal, the DNA evidence leading to the filing of the criminal charges was not subject to deterioration or corruption over time.

15

Finally, as the state court also reasonably found, the State's delay was justified to the extent that time was needed to locate the victim and to obtain petitioner's presence in Ohio. Petitioner has neither argued nor presented any evidence even remotely suggesting that the prosecution intentionally caused the delay to gain a tactical advantage over petitioner. Indeed, the delay could easily be attributable to legitimate investigatory purposes after the initial DNA evidence was obtained for the purposes of both confirming the match between petitioner's DNA profile and the DNA evidence found on the victim's clothing and ensuring that the victim was available and still able to recall the details of the offenses that had occurred fourteen years earlier.

Accordingly, in sum, the Court concludes that petitioner is not entitled to relief based on his claims in Ground Two that the State's fifteen-month delay in obtaining an indictment deprived him of his rights under the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Speedy Trial Clause. The Sixth Amendment does not apply to the claim of constitutional error stemming from pre-indictment delay. Moreover, petitioner has not shown for purposes of establishing a due process violation that the pre-indictment delay was intentionally caused by the prosecution to gain a tactical advantage or substantially prejudiced his right to a fair trial. Therefore, the Ohio Court of Appeals' adjudication of the due process claim alleged in Ground Two neither is contrary to nor involves an unreasonable application of clearly established federal law as determined by the Supreme Court in *Lovasco*, and is based on a reasonable determination of the facts in light of the record evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to any arguable due process or equal protection claims alleged in Ground One, which this Court has concluded are waived and thus procedurally barred from review, because under the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim. A certificate of appealability also should not issue with respect to any of the claims alleged in Grounds One and Two that have been addressed on the merits herein, because petitioner has failed to make a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented therein are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

/s/Stephanie K. Bowman
United States Magistrate Judge

J:\Courtney\TSH\BRYANCC\2011 habeas\10-22denypet.stateSOL-noncogniz-waivFedQ.speedytrial-preIndictmDelay.wpd
cbc

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DENNIS A. COUCH,                                    Case No. 1:10-cv-22
        Petitioner,

|  |  |
|---|---|
|  | Bertelsman, J. |
| vs | Bowman, M.J. |

WARDEN, LEBANON CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).